| | |
|---|---:|
| Class FIVE creditors (proportionately) | 5,000.00 |
| Aviation Associates | 7,500.00 |
| Caribbean Airline Corp.<br>(and such other sums as to bring this Class THREE current in payments) | 1,000.00 |

9. In the event the sums credited to the account in a certain month are not sufficient to meet the obligations as ordered, the creditor not paid in a particular month shall be the first creditor paid in the succeeding month.

10. THAT in the event the Chase Manhattan Bank interline account cannot be directly used for payments to creditors, a trust account will be created by Coral Air, Inc., with a bank in the U.S. Virgin Islands into which such interline account funds will be promptly deposited, and the payments ordered made from such fund.

11. The controlling shareholders and Coral Air, Inc., shall report to this Court at 8:45 a.m. Wednesday, August 8, 1984, on the status of matters as to compliance with this order, and such other matters as the court may direct.

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**JESUS LORRA, Defendant**

Criminal No. 84-10

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 30, 1984

HUGH P. MABE, III, ESQ., Assistant United States Attorney, St. Thomas, V.I., *for plaintiff*

FRANCIS E. JACKSON, JR., ESQ., St. Thomas, V.I., *for defendant*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Jesus Lorra, 18 years of age and a native and citizen of the Dominican Republic, entered a plea of guilty before this Court on March 14, 1984, to the crime of voluntary manslaughter. On April 4, 1984, he was sentenced to a term of imprisonment of ten (10) years. As of the date of sentencing and at all times prior thereto young Lorra lived with and worked for his father, a resident and businessman of St. Thomas, United States Virgin Islands. Jesus Lorra, at all times pertinent hereto was a permanent resident alien. However, it appears that the crime for which he was convicted was committed within five (5) years after his entry into the United States as a permanent resident.

On May 3, 1984, counsel for Lorra filed with the Court a motion seeking to have the Court make a recommendation against deportation to the Attorney General of the United States pursuant to the provisions of Title 8, United States Code, Section 1251(b)(2). The motion was accompanied by a draft of order.

It was the intention of the Court to enter the order on the date the motion was filed. However, on that very day, the Court having disclosed its intention to the Assistant United States Attorney then in charge of the case was asked by the said Assistant United States Attorney not to rule on the motion at that time, but to delay the entry of the said order at the request of the Immigration and Naturalization Service since it wished to file a response in opposi-

tion to the motion. The Court acceded to this request and placed a note on the file, on the motion itself, requesting that the matter be brought to the Court's attention as soon as the response of the Immigration and Naturalization Service was filed or in any event by Thursday of the following week if no response was received. It was not until May 18, 1984, that the Office of the United States Attorney filed the response on behalf of "the United States of America and the Government of the Virgin Islands." That response while pointing out that the crime for which Lorra was convicted involves moral turpitude and that since he had been sentenced to a term of years he is deportable, offers absolutely no reason why deportation is appropriate in this particular case. Instead, it relies wholly and solely in its opposition on the fact that the 30-day period within which the Court may recommend against deportation expired on May 4, 1984, and that the Court is thus without jurisdiction at this time to entertain the motion. Incidentally, it was not until the late afternoon of May 25, 1984, that the Government's response was brought to the Court's attention.

This Court does not wish to be understood as saying, or even intimating, that the Government has acted in bad faith. Indeed the Assistant United States Attorney who signed the Government's response is not the same assistant who had always been in charge of the case and who had asked the Court to stay entry of its order at the behest of the Immigration and Naturalization Service. Nevertheless, the fact remains that but for the request of the Government the order would have been timely entered. In these circumstances this Court does not believe that the entering of an order nunc pro tunc would violate the dictates of section 1251 (b)(2). It will be so ordered.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the Judgment and Commitment entered in this cause on April 4, 1984, be and the same is hereby AMENDED nunc pro tunc as of May 3, 1984, by the addition of a paragraph as follows:

> The Court hereby recommends to the Attorney General of the United States pursuant to the provisions of Title 8, United States Code, Section 1251(b)(2) that defendant Jesus Lorra be not deported by reason of his conviction of voluntary manslaughter in this cause.

19

**FURTHER ORDERED** that in all other respects the Judgment and Commitment of April 4, 1984, shall remain in full force and effect.*

---

*The Immigration and Naturalization Service can claim neither lack of notice nor adequate opportunity to present such opposition as it may deem fit. The defendant's motion was served on that agency within 30 days of the imposition of sentence. In any event, the issue of whether or not Jesus Lorra should be deported is not of immediacy. Lorra has just begun serving a 10-year sentence. Release, even on early parole, is a few years down the road for him. The Service, therefore, has more than adequate time to consider and deal with this Court's action.